CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/4/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

|  |  |
|---|---|
| VIRGINIA DIESEL & TRUCK REPAIR, INC., | CASE NO. 6:26-CV-00094 |
| *Plaintiff*, | |
| v. | MEMORANDUM OPINION & ORDER |
| LISA COPPINGER, | |
| *Defendant*. | JUDGE NORMAN K. MOON |

Virginia Diesel & Truck Repair, Inc. ("VDTR") sold Lisa Coppinger ("Coppinger") two remanufactured Caterpillar engines for $42,000, which she then installed on her boat. Dkt. 1 ¶¶ 6–12. Coppinger has since contacted VDTR claiming that certain parts in the engines are defective; however, she refuses to return the parts to VDTR for inspection and replacement. *Id.* ¶¶ 13–16. She has threatened to sue VDTR. *Id.* ¶ 18. Uncontented to wait for Coppinger to sue it,[1] VDTR has filed this action seeking a judicial declaration that the parties' relationship is governed by the Virginia Uniform Commercial Code ("VUCC") and that Coppinger cannot recover under the VUCC for various reasons. *Id.* ¶ 23. VDTR also claims that Coppinger defamed it through a series of customer reviews on its website, *id.* ¶ 19; however, VDTR does not include a claim for defamation in its Complaint.

As part of its gatekeeping function, the Court must independently assess whether it has subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). VDTR's Complaint presents no federal statutory or constitutional issue; therefore, federal jurisdiction can

---

[1]    This case reminds the Court of the popular idiom: "let sleeping dogs lie."

only exist if there is complete diversity of citizenship amongst the parties and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1332. VDTR adequately alleges that the parties are diverse, *see* Dkt. 1 ¶¶ 3–4; however, it fails to allege an amount in controversy over $75,000.

First, VDTR relies on $35,000 or more of "defamation" damages to meet the amount-in-controversy requirement but does not plead a defamation claim. *Id.* ¶ 21. VDTR's Complaint only includes a single count for "declaratory judgment." *Id.* ¶¶ 22–30. Presumably VDTR would have included a defamation count if it believed it could recover under Virginia defamation law. *Cf. Raytheon Tech. Servs. Co. v. Hyland*, 273 Va. 292, 303–05 (Va. 2007) (holding that opinions are not actionable as defamation). VDTR is the "master of its complaint" and "determines the claims to bring," *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 728 (4th Cir. 2021), and therefore, the Court will not consider damages that VDTR does not seek for the purposes of calculating the amount-in-controversy. *Cf. Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1127 (10th Cir. 2021). Moreover, even if VDTR had asserted a defamation claim, its claim of $35,000 in defamation damages is wholly conclusory and unsupported by facts like: (1) where the defamatory statements were published, or (2) whether the statements remained public, and if so, for how long. *E.g.*, *Ferrari v. Francis*, 732 F. Supp. 3d 650, 652 (N.D. Tex. 2024) (dismissing defamation action where amount-in-controversy was alleged in a conclusory manner); *Lustig v. Stone*, 2015 WL 13708737, at *1 (S.D. Fla. Jan. 20, 2015) (same).

This leaves the $42,000 contract as a source of potential damage.[2] But VDTR's Complaint does not even establish $42,000 in damages; instead, it suggests that Coppinger will seek a lower

---

[2]    Because VDTR is preemptively suing under the Declaratory Judgment Act, it is effectively borrowing Coppinger's claim for breach of a sales contract. *See*, *e.g.*, *Dahl v. Am. Bankers Ins. Co. of Fla.*, 2024 WL 4904163, at *4 (D. Ariz. Nov. 27, 2024). While the Declaratory Judgment Act does not ordinarily constitute an independent cause of action, *see Poppleton Now Cmty. Ass'n, Inc.*

amount for defective parts and untimely delivery. Dkt. 1. Simply put, the current Complaint does not establish an amount-in-controversy of $75,000 (or more) sufficient to invoke jurisdiction under § 1332.

Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is directed to close this matter and send a copy of this Order to all counsel of record.

It is so ordered.

Entered this 4th   day of August, 2026.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

v. *La Cite Dev., LLC*, 175 F.4th 455, 465 (4th Cir. 2026), it may be used to preempt a prospective, substantive claim by another party.